UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MOHAMED SOULEYMANLY,<br>Plaintiff, | Case No.: 20-13276 |
| v. | Laurie J. Michelson<br>United States District Judge |
| GENERAL MOTORS CORPORATION, GREGORY FREITAG, BRANDON M. LAWSON, and MIKE HICHME,<br>Defendants.<br>_____/ | Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER DIRECTING PLAINTIFF PROVIDE ADDITIONAL INFORMATION FOR SERVICE OF PROCESS

Plaintiff Mohamed Souleymanly filed this case on December 10, 2020, without the assistance of counsel. (ECF No. 1). On January 12, 2021, Plaintiff filed an amended complaint which was substantially similar to his initial Complaint. (ECF No. 7). On March 3, 2021, Defendants Gregory Freitag, Mike Hichme, and Brandon M. Lawson filed a motion requesting Plaintiff be compelled to provide a more definite statement that complied with the Federal Rules of Civil Procedure and, if Plaintiff so desired, name the appropriate corporate entity as the "General Motors Corporation" no longer exists. (ECF No. 12, PageID.88-89). The parties entered into a stipulation, filed on May 12, 2021, which required Plaintiff to file a second amended complaint that provided a more definite

statement of the allegations contained or referenced in his initial complaint (ECF No. 1) and amended complaint (ECF No. 7).[1]  (ECF No. 19, PageID.125-26). Plaintiff's Second Amended Complaint, which was filed on October 5, 2021, contained an updated case caption which identified "General Motors, LLC," in lieu of "General Motors Corporation," as a defendant.  (ECF No. 22, PageID.132). This matter has been referred to the undersigned for all pretrial proceedings.  (ECF No. 20).

Pursuant to Federal Rule of Civil Procedure 4(h), a corporation must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Under Michigan law, service on a limited liability company can be made by:

(1) serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent;

(2) serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of

---

[1] The May 12, 2021 stipulated order resolved the March 3, 2021 Motion for More Definite Statement.  (ECF No. 19, PageID.127).

      the complaint by registered mail, addressed to the registered office of the limited liability company.

  (3) If a limited liability company fails to appoint or maintain an agent for service of process, or service under subsections (1) and (2) cannot be accomplished through the exercise of reasonable diligence, service of process may be made by delivering or mailing by registered mail to the administrator (pursuant to MCL 450.4102[2][a]) a summons and copy of the complaint.

Mich. Ct. R. 2.105(H).

    Plaintiff is **DIRECTED** to file, on or before **NOVEMBER 9, 2021**, a response to this Order identifying one of the following:

    i.    an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process on behalf of General Motors, LLC ("GM") and the service address;

    ii.    a managing member, the non-member manager, or the resident agent of GM on which service may be effectuated and the service address; or

    iii.    a member or other person in charge of an office or business establishment of the limited liability company and the service address.

Plaintiff is cautioned that if the Marshal is unable to effectuate service on Defendant GM with the information subsequently provided, the onus will remain on Plaintiff to discover and submit sufficient information for service of Defendant GM. If that event were to arise, Plaintiff may be required to show good cause why

3

this action should not be dismissed, without prejudice, as against Defendant GM if they remain unserved after the expiration of the summons.

Further, the Clerk of the Court is **DIRECTED** to remove General Motors Corporation as a defendant and include General Motors, LLC.

**IT IS SO ORDERED**.

Review of this Order is governed by Federal Rule of Civil Procedure 72 and Local Rule 72.1.

Date: October 12, 2021

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 12, 2021, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850