UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MOHAMED SOULEYMANLY,<br>    Plaintiff,<br>v.<br><br>GENERAL MOTORS, LLC,<br>GREGORY FREITAG, BRANDON<br>LAWSON, and MIKE HICHME,<br>    Defendants.<br>_____/ | Case No.: 20-13276<br><br>Laurie J. Michelson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER GRANTING MOTION TO COMPEL (ECF No. 41)

Plaintiff Mohamed Souleymanly filed this case on December 10, 2020, without the assistance of counsel. (ECF No. 1). On September 12, 2022, the defendants moved to compel Plaintiff to respond to discovery requests. (ECF No. 41). The Court ordered Plaintiff to respond to that motion on or before October 4, 2022. (ECF No. 42). To date, Plaintiff has not filed a response brief. The defendants filed a "reply" brief in which they argue that the case should be dismissed under Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute. (ECF No. 43).

The motion to compel is **GRANTED** as unopposed. By now Plaintiff is aware of his responsibility to respond to Court orders, such as the Order to respond to the motion to compel. He has been ordered to show cause on several occasions for his failure to do so. (*See* ECF Nos. 21, 30, 34). The Court has reviewed the

relief requested by the defendants and it is reasonable. **Plaintiff is ordered** to provide responses to the discovery requests **within 21 days** of this Order.

The defendants seek the fees and costs incurred in bringing this motion. If the motion is granted, Federal Rule of Civil Procedure 37(a)(5)(A) requires the Court to order the non-moving party to pay the reasonable expenses incurred in bringing the motion. The award is mandatory unless (1) the movant did not attempt to obtain concurrence before filing the motion, (2) the opposing party's response or objection was substantially justified, or (3) other circumstances exist that make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii). Defendants sought to resolve the issue prior to filing the motion (ECF No. 41, PageID.238-39), and Plaintiff has not explained his failure to respond to the discovery requests, so the Court cannot conclude his failure was justified. Thus, the first two exceptions to the award of expenses are not satisfied. Some courts have declined to award expenses where they are otherwise required where the opposing party is proceeding without counsel and *in forma pauperis*, like Plaintiff here. *See, e.g.*, *Fields v. Trinity Food Serv.*, 2022 WL 1937335, at *4 (W.D. Tenn. Jan. 20, 2022) (citing *Jayne v. Bosenko*, 2014 WL 2801201, at *2 (E.D. Cal. June 19, 2014) (declining to impose sanctions under Rule 37(a)(5) against a pro se prisoner proceeding in forma pauperis because doing so would be unjust). Given Plaintiff's indigent status, the Court declines to award expenses, this time.

That said, **Plaintiff is warned that he must comply with this Order and respond appropriately to Defendants' discovery requests. Failure to do so may result in sanctions including dismissal of this action for failure to prosecute under Fed. R. Civ. P. 41(b).** He is also warned that his indigent status will not shield him from a future award of expenses to the defendants. Should similar circumstances present themselves, he may be made to provide a written explanation of why expenses would be unjust.

As for Defendants' request for Fed. R. Civ. P. 41(b) dismissal, that request will not be considered is it was raised in an improper manner. Under this Court's Electronic Filing Policies and Procedures Rule 5(f), a motion cannot be combined with a reply. Instead, Defendants must separately file the motion if they wish to pursue the arguments.

**IT IS ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: October 12, 2022                             s/ Curtis Ivy, Jr.
                                                                      Curtis Ivy, Jr.
                                                                      United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 12, 2022, by electronic means and/or ordinary mail.

                                                    s/Kristen MacKay
                                                    Case Manager
                                                    (810) 341-7850