UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMED SOULEYMANLY,

   Plaintiff,

v.

GENERAL MOTORS LLC, et al.,

   Defendants.

Case No. 20-13276
Honorable Laurie J. Michelson
Magistrate Judge Curtis Ivy, Jr.

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [50] AND GRANTING DEFENDANTS' MOTION TO DISMISS [47]**

Mohamed Souleymanly says that his former employer, General Motors LLC, and supervisors failed to provide accommodations to him as required under the Americans with Disabilities Act and interfered with his right to leave under the Family Medical Leave Act.

Souleymanly explains that his wife was diagnosed with cancer in 2018, and he needed accommodations to stay home and care for her and his three children, two of whom are diabetic. (ECF No. 22, PageID.133.) Souleymanly also became injured following a fall, which resulted in a neck fracture. (*Id.* at PageID.134.) Following several surgeries, his doctors cleared him only for remote work. (*Id.*) Rather than receiving this (or any) accommodation, Souleymanly alleges that his supervisors singled him out for poor treatment and were not amenable to his requests for accommodations. (*Id.* at PageID.141–150.) And Souleymanly says he was unfairly denied a promotion because of his need for accommodations and eventually, was

terminated. (*Id.* at PageID.142, 150.) So Souleymanly brought this lawsuit against GM and a few of his supervisors for violating the ADA, the FMLA, and Title VII.

After bringing suit, however, Souleymanly has been largely unresponsive. He has missed several status and scheduling conferences. (ECF Nos. 21, 30, 34.) And Defendants claim that he has not been meaningfully participating in discovery, as he failed to timely serve his initial disclosures or comply with a court order compelling him to respond to Defendants' discovery requests. (*See* ECF No. 47, PageID.349–350; ECF No. 44.) So Defendants moved to dismiss under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Souleymanly did not respond.

The Court referred all pretrial matters in this case to Magistrate Judge Curtis Ivy, Jr. (ECF No. 11.) Magistrate Judge Ivy issued a Report and Recommendation recommending that Defendants' motion be granted and the case be dismissed. (ECF No. 50.) This recommendation is now before the Court.

At the conclusion of the February 8, 2023 Report and Recommendation, Magistrate Judge Ivy notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 50, PageID.383.) Under Federal Rule of Civil Procedure 6(d), since Souleymanly was served via mail, three days are added to the objection period. 17 days have now passed since the Report was served on the parties, and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 50.) It follows that Defendants' motion to dismiss (ECF No. 47) is GRANTED. A separate judgment will follow.

SO ORDERED.

Dated: February 28, 2023

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE